IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA RAZOR-MUNSON, *et al.*[1]  :
                                :
            Plaintiff,          :
                                :     CIVIL CASE NO.
       v.                       :     1:12-cv-02305-WSD-RGV
                                :
HOME DEPOT U.S.A., INC.,        :
                                :
            Defendant.          :

MAGISTRATE JUDGE'S ORDER AND
NON-FINAL REPORT AND RECOMMENDATION

Pending before the Court are plaintiff's pro se Motion to Terminate or Limited

It [sic] Method and Matter of Deposition," [Doc. 33], to which Home Depot has

responded, [Doc. 37], and Home Depot's motion to strike plaintiff's age

discrimination, race discrimination, and section 1983 claims, [Doc. 34].[2]  For the

following reasons, plaintiff's motion to terminate or limit the method and matter of

---

[1] When plaintiff Donna Razor-Munson ("plaintiff") filed her amended complaint, she named both Home Depot U.S.A., Inc. ("Home Depot") and Larry Williams ("Williams") as defendants in the action. See [Doc. 29]. However, Williams is mistakenly listed as a plaintiff on the docket.  Accordingly, the Clerk is **DIRECTED** to correct the error and list Williams as a defendant in this action.

[2] Plaintiff has not filed a response to this motion, and the time for doing so has expired.  Accordingly, Home Depot's motion is deemed unopposed.  See LR 7.1B, NDGa.  Nevertheless, the Court will address the merits of the motion.  See Trainer v. Nix, Civil Action No. 1:07-CV-1227-JOF, 2009 WL 2370677, at *1 (N.D. Ga. July 29, 2009 (considering the merits of defendants' motions even though they were unopposed).

her deposition, [Doc. 33], is **DENIED**, and it is **RECOMMENDED** that Home Depot's motion to strike, [Doc. 34], be **GRANTED IN PART** and **DENIED IN PART**.

**A.   Motion to Terminate or Limit Method and Matter of Deposition, [Doc. 33]**

Plaintiff has filed a motion to terminate or limit the method and matter of her deposition.  [Doc. 33].  In this motion, plaintiff asserts that she is unable to attend an in-person deposition due to her health conditions,  and requests that her deposition be taken in writing or held via telephone conference or "skycam."  See [id. at 1-2]. In response, Home Depot asserts that, due to the nature of plaintiff's allegations, it needs to conduct an in-person deposition to assess plaintiff's credibility as a witness and to show her documents, and it contends that plaintiff's motion is due to be denied because she did not follow the procedural rules requiring her to confer in good faith with Home Depot prior to filing her motion and because she has not shown good cause for not attending her deposition in person.  See generally [Doc. 37].[3]

_____

[3] In the response to plaintiff's motion, Home Depot also points out that discovery in this case closed on April 30, 2013, and asks that "given the timing of [p]laintiff's motion . . . the Court modify the schedule in this case accordingly." [Doc. 37 at 1-2 n.1].  Home Depot subsequently filed a motion to stay all deadlines in this case pending the Court's ruling on the outstanding motions. [Doc. 40].  Plaintiff has not responded to the motion, and it is deemed unopposed.  See LR 7.1B, NDGa.  The undersigned hereby **GRANTS** the unopposed motion to stay, [Doc. 40], and extends the deadline for filing summary judgment motions in this case to 30 days after the completion of plaintiff's deposition.  If no motions for summary judgment are filed, the parties shall file a consolidated pretrial order by September 5, 2013.

The undersigned construes plaintiff's motion as a request for a protective order under Federal Rule of Civil Procedure 26.    See Fed. R. Civ. P. 26(c).   During discovery, "[t]he deposing party ordinarily may set the place for deposition wherever the party wishes, subject to the Court's power to grant a protective order pursuant to Rule 26(c)(2) designating a different place." Payton v. Sears, Roebuck & Co., 148 F.R.D. 667, 669 (N.D. Ga. 1993) (citations omitted).   A motion for a protective order under Rule 26(c)(1) against the examining party's chosen location must be made after conferring in good faith on the subject issue and must set forth good cause to protect the deponent "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); see also [Doc. 6 at 11-12 (citing Fed. R. Civ. P. 26(c), 37; LR 37.1A, NDGa.) (requiring "[c]ounsel and *pro se* litigants to confer, by telephone or in person, in good faith before bringing a discovery dispute to the court")].

Home Depot's counsel wrote to plaintiff on March 26, 2013, asking her if she was available to appear at a deposition on April 23, 2013. See [Doc. 37-1].  Plaintiff responded on April 8, 2013, via e-mail, confirming her availability on the date but asserting that she would not appear in person and stating that her medical condition made her available only for a written deposition, deposition by teleconference, or deposition by videoconference. See [Doc. 37-2].  In support of her assertions, plaintiff attached some medical records to the e-mail, which she now presents in part to this

3

Court for its consideration in support of her motion.[4]  See [Doc. 33 at 7-12].  Upon receipt of this correspondence, Home Depot considered plaintiff's request, but found that the three alternatives proposed by plaintiff deprived Home Depot of certain rights, in particular, its right to assess plaintiff as a witness before trial and confront her with documents at her deposition.[5]  [Doc. 37 at 3].  As a result, Home Depot rejected plaintiff's request and on April 9, 2013, served upon her via e-mail a Notice of Deposition for April 23, 2013.[6]  [Doc. 37-3].  In the e-mail, defense counsel also requested that plaintiff confer with them if she had any questions or objection to proceeding with her deposition.  See [id.].  However, instead of conferring with defense counsel, plaintiff filed the instant motion on April 15, 2013.  See [Doc. 37 at 4; Doc. 33].

---

[4] Home Depot notes that it has not attached copies of the medical records plaintiff sent in order "[t]o comply with federal law and protect [p]laintiff's private health information."  [Doc. 37 at 2 n.2].  However, Home Depot also asserts that five of the nine pages plaintiff submitted to it are the records presented here in support of plaintiff's motion.  See [id.]; see also [Doc. 33 at 7-12].

[5] Home Depot notes that this right is especially important in the instant case "because [p]laintiff is virtually the only witness."  [Doc. 37 at 3].

[6] Home Depot notes that although the notice required plaintiff to appear in person, it "accepted the date for the deposition that [p]laintiff agreed upon," and "offered to accomodate [p]laintiff's [health] concerns by (1) offering to split the deposition into two days, and (2) assuring [p]laintiff that reasonable breaks would be provided throughout her deposition."  [Doc. 37 at 3 (citations omitted)].

Plaintiff's motion is due to be denied under the standard outlined in Rule 26 and the Guidelines for Discovery issued in this case. As a preliminary manner, the Guidelines for Discovery require that parties who are unable to informally resolve a discovery dispute "confer by telephone or in person, in good faith" and that if such efforts are unsuccessful they "arrange a telephone conference with the court through the court's judicial assistant or courtroom deputy" prior to filing any motions to compel or for protective orders. See [Doc. 6 at 11-12]. Contrary to the Guidelines, plaintiff did not confer with Home Depot via telephone or in person, and she did not request a telephone conference with the Court prior to filing her motion. Accordingly, her request for a protective order limiting the method of her deposition is due to be denied. See Middlebrooks v. Am. Netowrk, Inc., Civil Action File No. 1:10-cv-2201-RWS-RGV, at [Doc. 18 at 1] (N.D. Ga. Aug. 30, 2011); see also Gordon v. Mortg. Elec. Registration Sys., Inc., No. CV410-228, 2011 WL 2457495, at *1 n.1 (S.D. Ga. June 16, 2011) (quoting Fed. R. Civ. P. 26(c)) (denying plaintiff's motion for a protective order under Fed. R. Civ. P. 26(c) because she did not include a certification that she had in good faith conferred with the other parties to resolve the dispute without court action).

Moreover, plaintiff has not shown the requisite "good cause" required by Rule 26 for this Court to grant her motion for a protective order. See Fed. R. Civ. P. 26.

Although plaintiff asserts that her doctor has restricted her in a way that prohibits her from attending the deposition and "explains her tolerance level for sitting, standing, and walking, which is no more than 12 minutes long," [Doc. 33 at 1], the exhibits submitted to this Court do not reveal that any such restrictions were imposed by her doctor, merely that her doctor summarized her self-reported restrictions for standing and walking, [id. at 7].  Accordingly, plaintiff has not shown good cause for a protective order to protect her "from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c)(1), and her request is **DENIED**, see Curry v. Weiford, 389 F. Supp. 2d 704, 713 (N.D.W. Va. 2005) (*pro se* plaintiff did not show cause for failing to comply with a court order compelling her deposition at defense counsel's office; although she insisted that the deposition should be held in a motel room because her neck and lower back pain made it necessary for her to lie down, her doctor's note did not indicate that plaintiff could only be deposed lying down, or that she could not travel to and physically attend a deposition at the office).  Home Depot's counsel shall promptly contact plaintiff to schedule her deposition.

**B.    Motion to Strike, [Doc. 34]**

Home Depot has also filed a motion to strike plaintiff's age discrimination, race discrimination, and section 1983 claims.  [Doc. 34].  Specifically, Home Depot asserts that plaintiff's amended complaint fails to comply with the Court's March 22, 2013,

Order granting plaintiff leave to amend, and as a result, her age discrimination, race discrimination, and section 1983 claims are due to be stricken from the record. <u>See generally</u> [<u>id.</u>].

On February 4, 2013, plaintiff filed a motion to amend her complaint, [Doc. 22], which Home Depot opposed, [Doc. 25].  In her motion, plaintiff sought to amend her complaint, which alleged a retaliation claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e <u>et seq.</u>, against Home Depot, to add a claim for retaliation under 42 U.S.C. § 1981 ("§ 1981") and to add Williams, the manager of the Home Depot store where plaintiff worked, as a defendant in the action.  <u>See</u> [Doc. 22].  Her motion also arguably sought to add Title VII race discrimination claims against Home Depot and Williams, claims against Home Depot and Williams under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 <u>et seq.</u>, and an age discrimination claim under § 1981.  <u>See</u> [Doc. 28 at 3-4 & nn.5-6].  After consideration of plaintiff's motion, the Court granted her "leave to amend her complaint to add a retaliation claim under 42 U.S.C. § 1981 against both Home Depot and Williams," but denied her other requests to amend.  <u>See</u> [<u>id.</u> at 7].

Plaintiff then filed an amended complaint within the time frame specified by the Court.  <u>See</u> [Doc. 29].  However, in the amended complaint, she asserts not only her original Title VII retaliation claim against Home Depot and the allowed § 1981

retaliation claims against Home Depot and Williams, but also includes claims for race discrimination under Title VII and § 1981;   age discrimination claims under the ADEA; and claims for equal protection and "violation of [her] rights under color of state law" under 42 U.S.C. § 1983 ("1983").[7]  See [id.].  As discussed at length in the Court's previous Order, see [Doc. 28], at this point in the litigation, plaintiff may only amend her complaint "by leave of court or by written consent of the adverse party," Fed. R. Civ. P. 15(a), and the Court did not grant plaintiff leave to add these claims to her complaint.

Home Depot also moves the Court to strike the factual allegations contained in paragraphs 19 through 24.  See [Doc. 34 at 3].  Although not artfully pled, these paragraphs could be construed as allegations of retaliatory acts, and consequently,

---

[7] Claimant also includes citations to § 1983 in Count Two, which alleges a claim for retaliation under § 1981.  See [Doc. 29 ¶¶ 47-51].  The undersigned presumes that plaintiff included this citation because § 1983 is the vehicle through which plaintiffs must pursue a § 1981 retaliation claim against state actors.  See Braswell v. Allen, 586 F. Supp. 2d 1297, 1310 (M.D. Ala. 2008); Blackledge v. Ala. Dep't of Mental Health & Mental Retardation, Civil Action No. 2:06cv321-ID, 2007 WL 3124452, at *7 n.7 (M.D. Ala. Oct. 25, 2007) (citations omitted).  However, none of the defendants in the instant case are state actors, and to the extent plaintiff seeks to assert an independent retaliation claim under § 1983, she has not been granted leave to do so.  See [Doc. 28]; see also Miller v. Conway, Civil Action No. 1:12-CV-91-TWT-JSA, 2013 WL 1729405, at *5 (N.D. Ga. Mar. 28, 2013), adopted by 2013 WL 1729401, at *1 (N.D. Ga. Apr. 22, 2013) (citations and internal marks omitted) ("[Section] 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.").  Accordingly, references to § 1983 in Count Two of plaintiff's amended complaint are due to be stricken.

the paragraphs remain potentially relevant to plaintiff's claims for retaliation under Title VII and § 1981, and are not due to be stricken from the record.  Accordingly, it is **RECOMMENDED** that Home Depot's motion to strike, [Doc. 34], be **GRANTED IN PART** and **DENIED IN PART**, and that plaintiff's claims for race discrimination under Title VII and § 1981, <u>see</u> [Doc. 29 ¶¶ 40-46, 62-68, ], equal protection under § 1983, [<u>id.</u> ¶¶ 52-57], violation of her rights under color of state law in violation of § 1983, [<u>id.</u> ¶¶ 58-61], and age discrimination under the ADEA, [<u>id.</u> ¶¶ 72-74], as well as the factual allegations which are irrelevant to the remaining counts of retaliation under Title VII and § 1981,[8] <u>see, e..g.,</u> [<u>id.</u> ¶¶ 10-11 (describing plaintiff's racial and age categories), 14-15 (describing Williams' racial and age categories), 17-18 (describing plaintiff's disability)],  be **STRICKEN** from the record.

IT IS SO ORDERED and RECOMMENDED, this 25th day of June, 2013.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

[8] Specifically, the remaining counts include Count Two (Retaliation under § 1981), [Doc. 29 ¶¶ 47-51], and Count Five Third Cause (Title VII Retaliation), <u>see</u> [<u>id.</u> ¶¶ 69-71].