## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DONNA RAZOR-MUNSON,

            **Plaintiff,**

   v.                                **1:12-cv-2305-WSD-RGV**

HOME DEPOT U.S.A., INC. and
LARRY WILLIAMS,

            **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Russell G. Vineyard's
Non-Final Report and Recommendation ("R&R") [41] on Defendant Home Depot
U.S.A., Inc. ("Home Depot")'s Motion to Strike [34].

## I.    BACKGROUND

On July 2, 2012, Plaintiff Donna Razor-Munson ("Plaintiff") filed this
action asserting claims for retaliation against her employer Home Depot under
Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.
On February 4, 2013, plaintiff moved to amend her complaint to add as a
defendant Larry Williams ("Williams"), the manager of the Home Depot store
where plaintiff worked.  Plaintiff also sought to add race discrimination claims

under Title VII, claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., and an age discrimination claim under 42 U.S.C. § 1981.

On March 22, 2013, the Magistrate Judge granted Plaintiff leave to amend her complaint to add a retaliation claim under 42 U.S.C. § 1981 against both Home Depot and Williams, but denied her other requests to amend.  On April 5, 2013, Plaintiff filed an amended complaint that  includes the claims the Court explicitly denied Plaintiff permission to assert.

On April 17, 2013, Home Depot moved to strike Plaintiff's age discrimination, race discrimination, and Section 1983 claims, arguing that they do not comply with the Court's March 22, 2013, Order.  On June 25, 2013, the Magistrate Judge recommended that the unapproved portions of Plaintiff's amended complaint be stricken from the record.  Plaintiff does not object to the R&R.

## II.    DISCUSSION

### A.    Standard of Review on a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v.

2

Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A

district judge "shall make a de novo determination of those portions of the report

or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1).  This requires that the district judge "'give fresh

consideration to those issues to which specific objection has been made by a

party.'"  Jeffrey S. by Ernest S. v. State Board of Educ. of Ga., 896 F.2d 507, 512

(11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2d Sess. (1976)).

With respect to those findings and recommendations to which a party has not

asserted objections, the Court must conduct a plain error review of the record.

United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S.

1050 (1984).  Because Plaintiff does not object to the R&R, the Court reviews it

for plain error.

    B.    <u>Analysis</u>

    The Court finds no error with the Magistrate Judge's R&R.  Plaintiff's

Amended Complaint fails to comply with the Court's March 22, 2013, Order.  As

the Magistrate Judge explained to Plaintiff, under Federal Rule of Civil Procedure

15(a)(1), a party is entitled to amend his complaint once as a matter of course

within 21 days after service of a responsive pleading or a motion under Rule 12(b),

(e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1)(B).  At this stage of the

proceeding, Plaintiff requires leave of the Court to amend her complaint.  The Magistrate Judge considered Plaintiff's proposed claims and allowed Plaintiff to assert some, but not all, of them.  Plaintiff filed an amended complaint that does not comply with the Magistrate Judge's order, and the offending portions of the amended complaint are required to be stricken.

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Non-Final Report and Recommendation ("R&R") [41] is **ADOPTED** and Defendant Home Depot U.S.A., Inc.'s Motion to Strike [34] is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff's claims for race discrimination under Title VII and § 1981, see [Doc. 29 ¶¶ 40-46, 62-68], equal protection under § 1983, [id. ¶¶ 52-57], violation of her rights under color of state law in violation of § 1983, [id. ¶¶ 58-61], and age discrimination under the ADEA, [id. ¶¶ 72-74], as well as the factual allegations which are irrelevant to the remaining counts of retaliation under Title VII and § 1981, see, e.g., [id. ¶¶ 10-11 (describing plaintiff's racial and age categories), 14-15 (describing Williams' racial and age categories), 17-18 (describing plaintiff's disability)], are **STRICKEN** from the record.

**SO ORDERED** this 11th day of October, 2013.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE